**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| **KHRISTIAN SEATON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) CASE NO. |
| | ) |
| **BRICKYARD HEALTHCARE –** | ) |
| **BRENTWOOD CARE CENTER,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. <u>NATURE OF THE CASE</u>**

1.      Plaintiff, Khristian Seaton ("Seaton" or "Plaintiff"), by counsel, brings this action against Defendant, Brickyard Healthcare – Brentwood Care Center ("Defendant"), for violating the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. §12101 *et. seq.*

**II. <u>PARTIES</u>**

2.      Seaton is a resident of Spencer County, Indiana, which is within the geographical boundaries of the Southern District of Indiana.

3.      Defendant maintains offices and routinely conducts business within the geographical boundaries of the Southern District of Indiana.

**III. <u>JURISDICTION AND VENUE</u>**

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C.§12117.

5.      Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5).

6.      Seaton was an "employee," as that term is defined by 42 U.S.C.§12111(4).

1

7.      Seaton satisfied her obligation to exhaust his administrative remedies, having

timely filed a Charge of Discrimination (Charge No. 470-2023-04807) with the U.S. Equal

Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination

based on her disability and retaliation for engaging in a protected activity. Seaton received the

required Notice of her Right to Sue on December 31, 2023, and timely files this action.

8.      A substantial part of the events, transactions, and occurrences relevant to this

lawsuit arose within the geographical environs of the Southern District of Indiana; thus, the

venue is proper in this Court.

### IV. <u>FACTUAL ALLEGATIONS</u>

9.      On or around September 8, 2022, Seaton began her employment with Defendant

as a Memory Care Director ("Director").

10.      At all relevant times, Seaton met or exceeded Defendant's legitimate performance

expectations. Specifically, in her May 2023 performance evaluation, Seaton was told she was

"Exceeding Expectations" and received a 2.5% raise.

11.      Seaton is a qualified individual with a disability, as that term is defined by the

ADA. Specifically, Seaton suffers from Bipolar Disorder, anxiety, and panic attacks. Seaton

could perform the essential functions of her position with or without accommodation. Seaton's

disability was known to the Defendant and was disclosed to Shelley Brown ("Brown"), Facility

Executive Director for Defendant.

12.      On or around May 31, 2023, Mary Fowler ("Fowler"), Director of Nursing for

Defendant, and Leslie Pugh ("Pugh"), Unit Manager for Defendant, decided a fax machine

located in the Reflections Unit should be placed elsewhere in the facility. Seaton expressed

concern about the move, and later that morning, Pugh walked into Seaton's office, slammed the

door, and yelled at Seaton. This confrontation aggravated Seaton's disability. Seaton sought out assistance to self-manage her disability by speaking with Brianna Miller ("Miller"), Social Services for Defendant.

13.     On or around June 1, 2023, Seaton suffered a panic attack as a consequence of Pugh's actions.

14.     On or around June 2, 2023, Seaton left work early due to continuing panic attacks and suicidal ideation related to her disability.

15.     On or around June 6, 2023, Seaton spoke with Brown about what occurred the previous week. Seaton learned, through that conversation, that Miller had disclosed her disability to Fowler, and Fowler, in turn, disclosed it to all of Defendant's upper management.

16.     On or around June 8, 2023, Seaton was interviewed by Adam Hall ("Hall"), Human Resources Representative for Defendant. Seaton requested an accommodation for her disability. Specifically, she requested not to attend morning meetings which Fowler and Pugh would attend and would likely exacerbate her disability for the next week. Additionally, Seaton asked her to use banked PTO for July 9, 2023. Defendant denied both requests and refused to/failed to engage in the interactive process.

17.     In the days that followed, Seaton continued to suffer from the effects of her disability when in meetings and when not in her own office. Around this time, Seaton inquired about her options for leave and learned that Defendant offered a leave of absence.

18.     On or around June 13, 2023, Seaton spoke with Brown about taking a leave of absence. Brown told Seaton she was not "fit for duty" if she had to take a leave of absence and referred Seaton to Hall. The three – Brown, Seaton, and Hall – had a meeting during which Seaton made a grievance/complaint of a hostile work environment. Seaton expressed that she felt

like she was being reprimanded for seeking a leave of absence due to her disability, and Brown stated it looked like taking a leave was insubordination.

19.    On or around July 6, 2023, took a leave of absence and Defendant terminated her employment.

## V. CAUSES OF ACTION

### COUNT I: Disability Discrimination

20.    Seaton hereby incorporates paragraphs one (1) through nineteen (19) of her Complaint as if the same were set forth at length herein.

21.    Seaton suffers from a disability, as this term is defined by the ADA. Defendant was aware of Seaton's disability and requested an accommodation.

22.    Defendant subjected Seaton to disparate treatment because of her real or perceived disability.

23.    Defendant's actions were intentional, willful, and in reckless disregard of Seaton's rights as protected by ADA.

24.    Seaton suffered and continues suffering damages as a result of Defendant's unlawful actions.

### COUNT II: Disability Retaliation

25.    Seaton hereby incorporates paragraphs one (1) through twenty-four (24) of her Complaint as if the same were set forth at length herein.

26.    Seaton engaged in a protected activity under the ADA.  This activity was known to the Defendant.

27.    Defendant retaliated against Seaton by terminating her employment.

28.     Defendant's actions were intentional, willful, and in reckless disregard of Seaton's rights as protected by ADA.

29.     Seaton suffered and continues suffering damages as a result of Defendant's unlawful actions.

## VI. <u>REQUESTED RELIEF</u>

WHEREFORE, Plaintiff, Khristian Seaton, respectfully requests that this court enter judgment in her favor and award her the following relief:

1.      Reinstate Seaton's employment to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions and/or payment to Seaton of front pay in lieu thereof;

2.      Award all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3.      Award Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4.      Award compensatory damages;

5.      Award punitive damages;

6.      Award all costs and attorney's fees incurred as a result of bringing this action;

7.      Award pre-and post-judgment interest on all sums recoverable; and

8.      Award all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By:  */s/ Lauren E. Berger*_____
Lauren E. Berger
411 Main Street
Evansville, Indiana 47708
Telephone: 812.424.1000
Email: lberger@bdlegal.com

*Counsel for Plaintiff, Khristian Seaton*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Khristian Seaton, by counsel, requests a trial by jury on all issues deemed so

triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By:  */s/ Lauren E. Berger*_____
Lauren E. Berger
411 Main Street
Evansville, Indiana 47708
Telephone: 812.424.1000
Email: lberger@bdlegal.com

*Counsel for Plaintiff, Khristian Seaton*